DECISION
Appellant, Roger A. Moore, appeals his conviction for possession of cocaine, and sets forth the following assignment of error:
 The trial court committed reversible error and deprived Appellant of due process of law by entering judgment of conviction that was contrary to the manifest weight of the evidence.
In April 1999, Officer Patrick Brooks went to 1580 East Mound Street, searching for the owners of an alleged stolen vehicle. Brooks testified that the address is an area known for prostitution and drug dealing, and some of the apartments at the address are known crack houses. Brooks, along with other officers, entered the apartment building and saw a man, later identified as appellant, in the hall and starting to go up some steps. Because the area was dark, Brooks identified himself as a Columbus police officer. Appellant immediately ran from the back of the apartment building and was chased by Brooks as well as other officers. While running, appellant dropped his car keys and, when he stopped to pick them up, he was brought to the ground by the officers several blocks away from the East Mound Street address.
Officer Eric Everhart put appellant on the ground and testified appellant kept his hands underneath him. When Everhart rolled appellant over, the police found his car keys and several rocks of crack cocaine, including some pushed into the ground. Brooks stated appellant had attempted to dig a hole in the ground.
The parties stipulated that the substance found underneath appellant was 0.2 grams of cocaine, a Schedule II controlled substance.
Appellant testified on his own behalf and stated that he was an associate minister at Paradise Baptist Church. He further testified he had been working at church and, on his way home, he solicited a prostitute who took him to 1580 East Mound Street. When leaving the apartment, he heard Brooks call "police" and he ran. Appellant testified he ran because "I didn't want to be caught nor did I want to bring a scandalous situation to my position of the community or to the church I belong to." (Tr. 57.) Appellant denied that the drugs belonged to him.
Following the jury's finding of guilty, the trial court sentenced appellant to three years community control.
Appellant argues his conviction was against the manifest weight of the evidence. In State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, 389, the Ohio Supreme Court defined manifest weight of the evidence and set forth the role of an appellate court in reviewing a verdict to determine whether the verdict is supported by the manifest weight of the evidence as follows:
 * * * The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * *
 * * * Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)], at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs [v. Florida (1982), 457 U.S. 31], 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
In a concurring opinion, Justice Cook stated:
 A challenge to the sufficiency of evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Accordingly, application of the test set forth in the second paragraph of the syllabus in Jenks, supra, is proper.
 In contrast, in deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Accordingly, the standard set forth in State v. Martin
(1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721, and approved by the majority in this case, is suitable for the manifest-weight inquiry.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus, the Ohio Supreme Court held:
 Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction. Therefore, where the jury is properly and adequately instructed as to the standards for reasonable doubt a special instruction as to circumstantial evidence is not required. * * *
As stated earlier, the officers testified the East Mound Street address was an area with a lot of drug activity and some of the apartments were known to be crack houses. Appellant denied the drugs were his and argued that the area where he was arrested was one with a great deal of drug related activity and the cocaine was simply on the ground when he was tackled and fell on top of it. Everhart, however, testified the area where appellant was stopped, several blocks from East Mound Street, was not an area with much drug activity.
R.C. 2925.11(A) provides:
 (A) No person shall knowingly obtain, possess, or use a controlled substance.
The parties stipulated the substance found was cocaine, a controlled substance, and the state had to prove appellant knowingly possessed it. R.C. 2925.01(K) provides:
 (K) "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
R.C. 2901.22(B) provides:
 (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
In order to prove possession for purposes of R.C.2925.11, actual, physical possession is not required. Possession may be actual or constructive. State v. Haynes (1971), 25 Ohio St.2d 264
. To place a defendant in constructive possession, the evidence must demonstrate that the defendant was able to exercise dominion or control over the item. State v. Wolery (1976),46 Ohio St.2d 316. Readily usable drugs found in close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of such drug. State v. Pruitt (1984), 18 Ohio App.3d 50.
Here, the drugs were found directly underneath appellant. The weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230. The jury could reasonably choose to believe that the drugs belonged to appellant and were not found, coincidentally, scattered on the ground in the location where the officers stopped him. Likewise, it was not against the weight of the evidence to conclude that appellant acted knowingly in possessing the cocaine. Appellant was in an area of high drug activity and, although not seen to be engaging in any illegal activity, ran when Brooks identified himself. Brooks further testified:
 The two officers tried to withdraw his hands and roll him over. And when they did, you could see that he had attempted to dig a hole in the ground and bury crack cocaine. [Tr. 27-28.]
Thus, there was sufficient evidence to find appellant knowingly possessed a controlled substance and the finding was not against the weight of the evidence.
Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and McCORMAC, JJ., concur.
 McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.