DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Nathaniel Gibson appeals from his conviction of one count of possession of cocaine and one count of possession of marijuana. We affirm.
On July 11, 1996, officers of the Akron Police Department Street Narcotics Undercover Drug Unit ("SNUD") were investigating complaints of drug-related activity at a house on Homer Avenue when they observed Gibson and another man exit a blue Buick, enter the home, leave a few minutes later, and re-enter the Buick where two other men were waiting. Officers followed the Buick for several blocks before stopping it and conducting a search of both the car and its passengers. A packet of marijuana was discovered in Gibson's underwear, and five rocks of crack cocaine were discovered in a plastic bag tucked into the rear seat of the car where Gibson had been sitting. Gibson was arrested and charged with possession of both substances.
The Summit County Grand Jury indicted Gibson on one count of possession of cocaine in violation of R.C. 2925.11(A), a second degree felony, and one count of possession of marijuana in violation of R.C. 2925.11(A), a minor misdemeanor. Gibson pleaded not guilty to both counts and moved to suppress the evidence obtained in the search. The trial court denied the motion.
Gibson was tried to a jury, which found him guilty of both counts. The court sentenced him to a definite term of three years in prison for possession of cocaine and ordered him to pay a mandatory $100 fine for possession of marijuana.
Gibson has appealed, asserting two assignments of error in which he argues that the evidence was insufficient to support his convictions and that his convictions were against the manifest weight of the evidence. Gibson argues that possession of cocaine cannot be inferred merely by access to it. He adds that no sums of money were found on his person as would be expected if he were a drug dealer. He also claims that he acknowledged to police officers that he had picked up the marijuana on the street when someone dropped it and implies that if the cocaine discovered in the car had been his he would have admitted that as well.
It is fundamental that the prosecution must prove every necessary element of a crime charged beyond a reasonable doubt.In re Winship (1970), 397 U.S. 358, 364, 25 L.Ed.2d 368, 375. Crim.R. 29(A) requires a trial court to enter a judgment of acquittal on offenses charged in an indictment if the evidence is insufficient to sustain a conviction. Evidence is insufficient if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could not have found all the essential elements of the offense beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence presented by the state, if believed, "would convince the average mind of the defendant's guilt beyond a reasonable doubt." Id.
To determine whether a conviction is against the manifest weight of the evidence:
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340.
Both counts of possession against Gibson were in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Gibson does not dispute that cocaine and marijuana are "controlled substances." R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2925.01(K) defines "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21(C) sets forth the requirements for criminal liability and provides: "(1) Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of his control thereof for sufficient time to have ended possession."
Possession of controlled substances may be actual or constructive. State v. Mann (1993), 93 Ohio App.3d 301, 308;State v. Haynes (1971), 25 Ohio St.2d 264. A person has constructive possession of a thing or substance when he is able to exercise dominion or control over it. State v. Wolery (1976),46 Ohio St.2d 316, 332. Dominion and control may be proven by circumstantial evidence alone. See State v. Jenks,61 Ohio St.3d at 272-273. Circumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession. Statev. Barr (1993), 86 Ohio App.3d 227, 235. Ownership of the controlled substance need not be established, State v. Mann,supra, and possession may be individual or joint. State v.Wolery, supra.
The state presented the testimony of five members of the Akron Police Department's SNUD unit who were involved in the surveillance and apprehension of Gibson. Detective Kevin Davis testified that on the evening of July 11, 1996, he received a radio call ordering him to set up undercover surveillance at 449 Homer Avenue in response to complaints of drug activity at that location. Within minutes of his arrival, Detective Davis observed approximately ten pedestrians arrive at the house and observed a woman repeatedly walking back and forth from the house to the street "as if she was looking for someone." A blue Buick with four occupants then pulled up behind Detective Davis. The driver and the person sitting in the rear passenger side of the car, whom Detective Davis identified as Gibson, got out and entered the house with the woman who had been at the curb. Within five minutes, the two men left the house, got back in the car, and drove off at high speed. Detective Davis, who had observed similar activity during his five years as a SNUD officer and believing that a drug delivery or other drug activity had taken place, radioed for back up.
Detectives John Bell and Donny Williams, then began following the Buick. Both officers noticed that the person sitting in the rear passenger side of the car kept looking back at them furtively, acting suspiciously. Bell noticed a lot of movement and stated that it appeared the passenger was concealing something inside his waistband or under the seat. Williams stated that it "looked like the person was sticking something under the seat" or "putting something down in the seat." At that point, the officers signaled for the Buick to stop.
Two other SNUD detectives then arrived to assist Bell and Williams. Each occupant of the Buick was searched. Detective Bryan Banks patted Gibson down, and noticed "a soft large object in the area of his groin." He asked Gibson what the object was and Gibson replied, "That's just weed." Detective Banks then removed what he described as a "large bag of marijuana." Detectives Bell and Williams also heard Gibson admit that the substance was marijuana and that it belonged to him.
As Gibson was being arrested for possession of marijuana and the driver of the Buick was being arrested for driving without a license, Detectives Bell and Williams began inventorying the contents of the Buick. Detective Bell noticed "a plastic bag, corner of the plastic bag sticking * * * out, the corner" of the rear passenger seat where Gibson had been sitting. The officers removed the bag, which contained what appeared to be crack cocaine. Gibson denied that the cocaine belonged to him. At trial, a chemist hired by the Akron Police Department to analyze the contents of the bag, identified the substance recovered as 14.57 grams of crack cocaine.
Several officers testified that when the cocaine was discovered at the scene, Gibson began sweating profusely, stated that he believed he was going to faint, and asked to sit down. The other occupants of the car remained calm.
In view of the foregoing, Gibson's conviction of marijuana possession was supported by sufficient evidence and was not against the manifest weight of the evidence. Gibson readily admitted to officers that the package removed from his underwear contained "weed," a street name for marijuana. Although no chemical analysis of the substance was introduced at trial, experienced police officers are qualified to give expert testimony as to whether a given substance is marijuana. See State v. Maupin
(1975), 42 Ohio St.2d 473, 479. Here, three experienced drug interdiction officers identified the substance confiscated from Gibson as marijuana. Their testimony, coupled with Gibson's own admission, is sufficient to establish marijuana possession beyond a reasonable doubt.
As to the second count, there was sufficient circumstantial evidence that Gibson knowingly exercised dominion and control over the cocaine found in the car to withstand a motion for acquittal and for the jury to have reasonably concluded that he possessed the cocaine. Gibson was seen by one officer entering and leaving a suspected drug house and admitted to one officer that he had been at the house. The car in which he was a passenger sped away from the drug house, followed by officers who observed Gibson behaving suspiciously, making furtive movements, and appearing to put something down into or under the seat where crack cocaine was discovered only minutes later. Gibson was noticeably sweaty, agitated, and near fainting when the cocaine was discovered, while the other occupants of the car remained calm.
It is irrelevant that Gibson did not own the car in which the cocaine was found or that others were in the car with him. It is also irrelevant that he did not admit that the cocaine was his. One officer testified that he believed money was found on Gibson, but the amount was not established.
At a minimum, Gibson's actions were capable of supporting a conclusion that he was exerting dominion and control over the substance proven to be cocaine. Furtive movements by a driver and passenger, coupled with rapid efforts to flee from police, have been held sufficient to prove the driver guilty of possession even where the passenger has testified that he alone purchased cocaine, concealed it in his clothing unbeknownst to the driver, and threw it from the car window as police pursued. State v. Brown (Feb. 19, 1998), Cuyahoga App. No. 72868, unreported. Furtive movements by a passenger toward the floor of a car and a reluctance to remove his hand from the floor when so ordered by police have been held sufficient to sustain a conviction for possession when cocaine was found on the passenger side floorboard area of the car. State v. Fairrow (Nov. 27, 1995), Ross App. No. 95 CA 2096, unreported.
Gibson's assignments of error are overruled. The decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
QUILLIN, P. J.
DICKINSON, J., CONCUR