Defendant-appellant Douglas Shine appeals from his conviction following a jury trial for possession of crack cocaine (R.C.2925.11(A)) in an amount less than one gram. Defendant contends his conviction was against the manifest weight of the evidence and the trial court erred in sentencing him without telling him he is subject to "bad time" (R.C. 2967.11) and post-release controls (R.C. 2967.28). For the reasons hereinafter stated, we affirm the conviction but vacate the sentence and remand for resentencing.
Defendant was arrested on December 10, 1996 after crack cocaine was found on the driver's side floorboard of the car that he was driving. The arresting officer, George Kwan, a three-year Cleveland policeman, was on patrol in the Kinsman-East 142nd
Street area at approximately 11:30 p.m. when he saw defendant sitting in a beige colored Chevrolet parked on East 142nd Street near the Kinsman intersection. When the officer first spotted the defendant, he was ten car lengths away. As he pulled to within two car lengths of defendant's car, he saw that the defendant was talking to a pedestrian who was on the car's right side. The street was well lit. Kwan testified that: "I observed a hand-to-hand transaction two car lengths away from Mr. Shine's vehicle and I saw an exchange of what I believed to be currency and an object." Based on the officer's experience, he believed the object to be drugs. After the exchange, the pedestrian looked over his shoulder, saw the policeman approaching and ran into a nearby apartment building. Defendant then began to drive his car away from the scene in a normal manner.
Officer Kwan followed defendant while checking defendants license plate and found it had expired. Kwan activated his overhead lights and siren and pulled defendant over at East 130th
Street and Union Avenue. As the officer exited his police car and approached, he noticed that defendant began to act in a furtive manner. Officer Kwan observed defendant make a lot of movements; bend over and throw a temporary tag out of the car window stating that he did not have time to put the new tag in the car window. The officer told defendant to leave the tag on the front seat. Officer Kwan then ordered defendant out of the car and placed him in the police car. The officer told defendant that he was going to return to defendant's car to get the temporary tag. When he opened the door and reached for the temporary license plate, Officer Kwan saw what he believed to be two rocks of crack cocaine on the driver's side floor of the car, below the steering wheel, where the driver's left foot would normally be. He confiscated this contraband. Defendant was then arrested and booked at the Fourth District Police Station.
During the booking process, defendant inquired several times about how much drugs Officer Kwan found in the car. The two items were tested by the Cleveland Police Laboratory (SIU) and were found to be crack cocaine of less than one gram.
Defendant called three witnesses to testify on his behalf. All three witnesses testified that they saw defendant earlier that night. Stinner Wimberly, defendant's girlfriend, testified that she saw defendant that night between 10:30 and 10:45 p.m when he was driving a car on East 130th Street in the company of his brother, Alan Shine, and another friend, Reginald Perry. However, Ms. Wimberly was not in the car with defendant that night.
Defendant's brother, Alan Shine, also testified after being advised of his constitutional right against self incrimination. He admitted to prior convictions for possession of cocaine in 1997, 1995, 1994, 1991 and 1989 and admitted to being a crack addict. Alan stated that on December 10, 1996, he purchased two or three rocks of crack cocaine earlier in the day, prior to defendants arrest, and on that day he got high with Reginald Perry. Alan claimed he was in defendant's car that night as a back seat passenger and that it is possible that the crack cocaine found in the car was his. He did not know how the crack made its way to the front seat of the car by defendant's left foot. Alan testified that the crack "could have been mine" but never testified that it was his.
Defendant also called Reginald Perry as a witness. Mr. Perry is a good friend of defendant and was with him the night of December 10, 1996. He and Alan were picked up by defendant on East 142nd
Street and Kinsman between 10:30 and 11:00 p.m. Mr. Perry testified that he had been smoking crack all day with Alan and that he had a history of drug convictions. On direct examination, Perry admitted to three offenses in 1997, one in 1996, and has also been convicted in 1992, 1990 and 1989. He admitted to having a drug problem for a long time. Perry also admitted to possessing crack while riding in defendant's car. When asked, however, whether or not the drugs found in defendant's car were his, Perry could not say exactly because he was "too high" on that day.
The jury found defendant guilty of possession of crack cocaine. Upon sentencing defendant to one year, the court reviewed the sentencing factors, but did not advise defendant of the "bad time" provisions in R.C. 2967.11, nor did the trial court advise defendant that he would be subject to post-release sanctions under R.C. 2967.28. This timely appeal ensued.
We will address defendant's assignments of error in the order presented.
 I. APPELLANTS CONVICTION FOR POSSESSION OF DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN TWO WITNESSES TESTIFIED THAT THEY MAY HAVE LEFT THE DRUGS IN THE CAR WHICH APPELLANT WAS DRIVING AND WHICH HE DID NOT OWN.
The standard of review we must observe in passing on manifest weight of the evidence was set forth recently by the Supreme Court of Ohio as follows in State v. Thompkins (1997), 78 Ohio St.3d 380,386-87:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.")
Defendant was charged and convicted of a violation of R.C.2925.11(A) which provides that "no person shall knowingly obtain, possess or use a controlled substance." Possession is defined by R.C. 2925.01(K) as:
 [H]aving control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Possession may be actual or constructive. State v. Haynes
(1971), 25 Ohio St.2d 264, 269-270. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Wolery (1976), 46 Ohio St.2d 316,329. See, also, State v. Sanders (Aug. 20, 1992), Cuyahoga App. No. 60987, unreported. Because "circumstantial and direct evidence inherently possess the same probative value" and are subjected to the same standard of proof, "there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph one of the syllabus. Furthermore, readily usable drugs found in very close proximity to a defendant may constitute sufficient direct and circumstantial evidence to support a conclusion that the defendant had constructive possession of said drugs. State v.Pruitt (1984), 18 Ohio App.3d 50, 58; Sanders, supra.
We find that the record reflects sufficient evidence to sustain defendant's conviction for possession in violation of R.C.2925.11(A). When defendant was arrested, he did not have crack cocaine in his hands or on his person. However, Officer Kwan testified that he saw what he believed to be a drug transaction whereby the defendant transferred money to a pedestrian for an object. He saw a person involved in this deal run into a building after the person saw the officer. Immediately after Officer Kwan pulled defendant's car over, he saw defendant making furtive movements in the front seat area of the car. The officer then found the crack cocaine in an area of the car where only defendant would have been at that time, i.e., below the steering wheel where defendant's left foot would have been when he was driving the car. The jury could have reasonably concluded from this testimony that defendant bought the crack from the pedestrian who fled and that defendant dropped the crack on the floor of the car when approached by the officer.
The defense witnesses, Reginald Perry and the brother, Alan Shine, testified that they were in the car that defendant was driving prior to his arrest. Both witnesses suggested that they could have dropped the crack. However, it was for the jury to assess the credibility of these two, given their past criminal records and drug histories. The weight to be given evidence and the credibility of witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The jury could well have determined that these defense witnesses, a brother and a long-time friend, were merely testifying to assist their colleague and were not to be believed. The jury did not clearly lose its way and this conviction was not a manifest miscarriage of justice. Therefore, defendant's conviction was not against the manifest weight of the evidence and is affirmed.
Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT WITHOUT COMPLYING WITH THE REQUIREMENTS OF R.C. 2929.19(B)(3)(b), (d) and (e) WHICH REQUIRED THE COURT TO NOTIFY HIM THAT HE IS SUBJECT TO R.C. 2967.11 ("BAD TIME") AND R.C. 2967.28 ("POST-RELEASE CONTROL").
It is conceded that the trial judge in sentencing defendant after his conviction failed to advise the defendant of the bad time provisions of Ohio law and that the defendant would be subject to post-release supervision after release from prison. However, it is the State's contention that if this was error it was harmless and non-prejudicial.
Notwithstanding the State's contention, this Court has recently held that the sentencing court's duty under R.C. 2929.19(B)(3) is mandatory and the court is required at the sentencing hearing to notify the offender that he is subject to "bad time" violations and post-release controls. State v. Davis (June 18, 1998), Cuyahoga App. No. 72820, unreported at 15-17; see, also, State v.Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported at 11. Accordingly, we find this assignment of error well taken and reverse the sentence and remand for resentencing consistent with R.C. 2929.19(B)(3)
Assignment of Error II is sustained.
Defendant's conviction is affirmed; his sentence is reversed and vacated; the matter is remanded for resentencing.
It is ordered that appellant and appellee shall pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J. and ROCCO, J. CONCUR.
 ________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct. Prac. R. 112, Section 2(A)(1).