JOURNAL ENTRY and OPINION
Defendant-appellant, Clarence Williams, appeals from the verdict of the trial court in which he was found guilty of possession of drugs in violation of R.C. 2925.11(C)(4)(e). The appellant waived a jury prior to trial and the case was tried to a judge. The trial court granted a motion for acquittal on the second count of the indictment — possession of criminal tools. The appellant was sentenced to a four-year term concurrent with a three-year term in case number 361405, which is not related to the instant case. The appellant herein appeals the verdict and the sentence of the trial court. For the reasons adduced below, the finding of guilt by the trial court is affirmed in part, reversed in part and remanded for re-sentencing.
The Cleveland Police Department's Narcotic Unit was informed on or about January 9, 1998 of a drug deal which was allegedly to take place at a McDonald's restaurant on E. 93rd Street and Kinsman Avenue. The informant told the police that the culprit was a male named "Jimmie" who was driving a red Ford Expedition sports utility vehicle. One of the detectives who testified at trial, Detective Todd Clark, stated that based on past experience he believed that the "Jimmie" referred to by the informant was a Jimmie Coleman.
The officers on surveillance who responded to the scene stopped a Ford Expedition matching the description provided by the informant. There were four occupants of the vehicle. The driver was, in fact, Jimmie Coleman. There was one female in the front seat and another female in the back seat of the vehicle. The appellant was also in the back of the vehicle with one of the female occupants.
The occupants of the Expedition were all ordered to place their hands where the officers could see them. Officer Thomas Roper observed a bag of crack cocaine on the front passenger floorboard by the passenger front door and a larger bag of crack cocaine on the center console within easy reach of all four of the occupants.
The only evidence offered at trial on the issue of who owned the drugs was the testimony of officer Thomas Shoulders. He testified as to what co-defendant, Jimmy Coleman, told him at the scene of the crime after being mirandized. The following exchange occurred at trial with officer Shoulders testifying for the state:
 A. I talked with the driver of the vehicle, Jimmy Coleman.
Q. What did he tell you?
 A. He informed me that the drugs in the car was (sic) his, and that he did not put it on the girl, and nobody else had anything to do with it.
Q. Did he say anything about Mr. Williams?
 A. I don't recall exactly what he said about Mr. Williams. But he basically indicated the drugs were basically his. And that they were his and Mr. Williams' drugs. But he claimed that they were his mostly. And he didn't want anything — that the girls — well, he didn't want the girls to have anything to do with it.
It is important to note that appellant's counsel did not object during this exchange. Counsel only objected to Officer Shoulders' subsequent testimony wherein the prosecutor attempted to elicit testimony regarding statements made by the females in the car.
Williams raises three assignments of error on appeal. The first assignment of error states:
 I. MR. WILLIAM'S (SIC) RIGHTS UNDER ART. I, SECT. 16
OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED AND HE WAS IMPROPERLY DENIED A CRIM.R. 29 ACQUITTAL ON POSSESSION WHEN THERE IS INSUFFICIENT EVIDENCE THAT HE POSSESSED THE DRUGS IN THE CAR.
The first assignment of error deals with the sufficiency of the evidence posed at trial in relation to the charge of possession. In Statev. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
Id. at paragraph two of the syllabus.
Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230.
In determining if there is sufficient evidence in the record to affirm the conviction in the present case, we must first examine the relevant statute defining possession and determine whether all the elements of the crime were proven.
The appellant specifically contends the state presented insufficient evidence that he "possessed" any of the crack cocaine found by the officers. Possession is defined in R.C. 2925.01(K) as follows:
 (K) "Possess" or "possession" means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Possession may be actual or constructive. State v. Haynes (1971),25 Ohio St.2d 264. In the case sub judice, the state presented sufficient evidence of appellant's constructive possession of the drugs by their location in the car. As a passenger in the back seat, appellant would have known that the drugs were on the console and would have easily been able to reach out and grasp them.
Although the mere presence of a defendant at a residence in which contraband is discovered is insufficient to support a conviction for possession, Haynes, supra, at 270, if the evidence demonstrates that the defendant was able to exercise dominion or control over the objects, the defendant can be convicted of possession. State v. Wolery (1976),46 Ohio St.2d 316. Furthermore, where a sizable amount of readily usable drugs are in close proximity to defendant, there is sufficient circumstantial evidence to support the conclusion that defendant was in constructive possession of drugs. State v. Pruitt (1984),18 Ohio App.3d 50; State v. Braxton (Jan. 18, 1990), Cuyahoga App. No. 56269, unreported; State v. Walker (Oct. 15, 1987), Cuyahoga App. Nos. 52485 and 52486, unreported. The same reasoning applies to the discovery of other contraband in close proximity to a defendant. State v. Franklin
(July 27, 1989), Cuyahoga App. Nos. 55604 and 55684, unreported; Statev. Bailey (Apr. 9, 1987), Cuyahoga App. No. 51968, unreported.
Circumstantial evidence alone is sufficient to support the element of constructive possession. State v. Braxton, supra; State v. Jenks
(1991), 61 Ohio St.3d 157; [61 Ohio St.3d 259] State v. Lavender (Mar. 12, 1992), Cuyahoga App. No. 60493, unreported. In the case sub judice, although there was no evidence that defendant was actually exercising dominion and control over the drugs when the car was stopped, the drugs on the console were within appellant's reach and they were readily usable, numerous and in plain view. The appellant was clearly situated so as he could exercise dominion or control over the large bag of crack cocaine that was located on the center console. Although there was no drug paraphernalia found in the vehicle, we do not interpret the "readily usable" requirement as mandating that a pipe, syringe or other apparatus designed to facilitate drug use be present in order for a finder of fact to conclude that a quantity of narcotics are readily usable.
In other cases with fact patterns similar to those in this case, this court has held there was sufficient evidence of actual and constructive possession of contraband. State v. Braxton, supra; State v. Bailey,supra; State v. Lavender, supra. The circumstantial evidence of the appellant's constructive possession of the confiscated narcotics presented by the state in this case was sufficient to convince the average mind of defendant's guilt beyond a reasonable doubt. This court declines to substitute its judgment for that of the trial court.
Accordingly, defendant's first assignment of error is overruled.
The appellant's second assignment of error states:
 II. THE ADMISSION OVER OBJECTION OF A POLICE OFFICER'S TESTIMONY THAT THE CO-DEFENDANT IMPLICATED MR. WILLIAMS VIOLATED THE RIGHT TO CONFRONTATION GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
In finding the appellant guilty of count one of the indictment, drug possession, the trial court made the following finding on the record:
 Given the ruling that I made with respect to the Rule 29 motion; however, I don't believe there is any real choice here but to find the defendant guilty on count one under the circumstances. The access and the circumstances of where the one bag was found * * * on the console. * * * This would constitute possession of crack cocaine * * *. (Emphasis added.)
Thus, the court's finding of guilt was based entirely on the fact that the appellant was in constructive possession of the crack cocaine at the time that the officers approached the subject vehicle. The ambiguous statement made by the co-defendant as to the ownership of the seized narcotics, which has already been cited in this opinion, played no factor in the trial court's verdict. Thus, any error made by the trial court in permitting testimony on this subject, despite the fact that there was no timely objection, was harmless.
This assignment of error is overruled.
The appellant's third assignment of error states:
 III. WHEN THE TRIAL COURT INFORMED MR. WILLIAMS ONLY OF THE PRISON TERM, AND THE JOURNAL ENTRY STATED MERELY THAT THE SENTENCE INCLUDES ALL EXTENSIONS PROVIDED BY LAW, THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.19, WHICH REQUIRES THAT AT SENTENCING FOR AN OFFENSE THAT OCCURRED ON OR AFTER JULY 1, 1996, THE TRIAL COURT SHALL NOTIFY THE OFFENDER OF THE SPECIFIC FACTS CONCERNING POST-RELEASE CONTROL (R.C. 2967.28) AND THE POSSIBILITY OF AN INCREASE IN THE PRISON TERM (R.C. 2967.11).
In its appellee's brief, the state concedes that the trial court failed to notify the offender of the specifics of post-release control and of the possibility that "bad time" might be added to the appellant's sentence for conduct by the appellant during his term of imprisonment. See R.C. 2967.11 and R.C. 2967.28.
Therefore, this assignment of error is sustained. This case is remanded to the trial court for the limited purpose of conducting another sentencing hearing in accordance with the requirements of R.C.2929.19(A)(1) and (B)(3).
Judgment affirmed in part, reversed in part and remanded for re-sentencing.
This cause is affirmed in part, reversed in part and remanded for re-sentencing for proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., CONCURS.
TIMOTHY E. McMONAGLE, J., DISSENTS WITH SEPARATE OPINION.