JOURNAL ENTRY AND OPINION
Defendant-appellant, Jesse Grays, appeals the decision of the Cuyahoga County Common Pleas Court that convicted him of possession of drugs after a jury returned a verdict of guilty. For the reasons that follow, we affirm.
A review of the record reveals that, in the evening of August 30, 1999, appellant, his wife and another companion were sitting in a vehicle in the parking lot of a temporary employment agency. Cleveland Police Officers Lawrence and Scott were patrolling the area and became suspicious of the vehicle because the lot was vacant. According to appellant's testimony, appellant and his companions were to work as cleaning crew at Jacobs Field that evening and were in the lot for the purpose of picking up work slips. As Officer Lawrence approached the vehicle, he observed appellant, who was seated in the driver's seat, moving his hands in a cupping motion as if to put something underneath his legs. Beaming his flashlight into the vehicle, the officer observed drug paraphernalia protruding from the driver's side visor directly above appellant. The officers likewise retrieved drugs and/or drug paraphernalia from appellant's companions. Residue from the drug paraphernalia tested positive for cocaine.
Appellant was thereafter indicted for possession of drugs in violation of R.C. 2925.11 and the case proceeded to trial by jury. The state's sole witness was Officer Lawrence who testified as above. When appellant's motion for acquittal was denied at the close of the state's case, appellant took the stand in his own defense. The trial court again denied appellant's motion for acquittal at the close of his case. The jury ultimately found appellant guilty of possession of drugs and the trial court sentenced appellant to eight months in prison.
Appellant is now before this court claiming that the trial court erred in denying his Crim.R. 29 motion for acquittal because there was insufficient evidence to support his conviction for drug possession.
When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979),443 U.S. 307, 319; State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A reviewing court will not disturb the verdict unless it finds that reasonable minds could not reach the conclusion reached by the trier of fact. Id. at 273.
R.C. 2925.11 provides that [n]o person shall knowingly obtain, possess, or use a controlled substance. A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v. Teamer (1998),82 Ohio St.3d 490, 492.
Possession is defined as having control over a thing or substance, but it may not be inferred, however, solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. R.C. 2925.01(K). Nonetheless, possession can be actual or constructive. See State v. Wolery (1976), 46 Ohio St.2d 316,329; State v. Haynes (1971), 25 Ohio St.2d 264, 267; State v. Barr (1993), 86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87 at the syllabus. Furthermore, it is not necessary to establish ownership of a controlled substance in order to establish even constructive possession. State v. Mann (1993), 93 Ohio App.3d 301, 308.
Appellant urges this court to find that he merely had access to drug paraphernalia and therefore there was insufficient evidence to support that he exhibited control over the paraphernalia so as to infer constructive possession. We disagree.
Evidence that the defendant was within close proximity to readily usable drugs may support a conclusion that the defendant had constructive possession. State v. Barr, 86 Ohio App.3d at 235. Moreover, if the attendant facts and circumstances support that a defendant knowingly possessed drug paraphernalia containing drug residue, that defendant can be found guilty of drug possession. Teamer, 82 Ohio St.3d at 492.
In this case, appellant was seated in the driver's seat of a vehicle in which he testified he was using to transport himself and his companions to Jacobs Field, something he did on a fairly regular basis. Appellant was situated within the vehicle in such a manner that he could exert dominion and control over the drug paraphernalia at issue in this case. This close proximity militates against his argument that there was insufficient evidence to find that he was in constructive possession of a controlled substance. Because reasonable minds could find that all the elements of drug possession were present, the trial court did not err in denying appellant's motions for acquittal.
Appellant's sole assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and TERRENCE O'DONNELL, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE