[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The appellant advances on appeal a single assignment of error, in which he challenges the balance struck by the jury in weighing the evidence adduced at trial on the charges of cocaine possession, in violation of R.C. 2925.11(A), and preparation of cocaine for sale, in violation of former R.C. 2925.07. The prosecution presented evidence that, if believed, demonstrated the appellant's constructive possession of between ten and twenty-five grams of crack cocaine. See State v. Haynes (1971),25 Ohio St.2d 264, 267 N.E.2d 787 (holding that possession of drugs may be actual or constructive); R.C. 2925.01(K) (providing that "possession means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found"). The record of the proceedings below discloses nothing to suggest that the jury, in resolving any conflicts in the evidence, lost its way or created such a manifest miscarriage of justice as to warrant the reversal of the appellant's convictions. See Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. We, therefore, overrule the sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.