OPINION
Andrew Miller was found guilty after a bench trial of possession of marijuana, a minor misdemeanor. He was fined $100 and his operator's license was suspended for 365 days.
On appeal, Miller advances two assignments of error, the first asserting:
 "THE EVIDENCE IS LEGALLY INSUFFICIENT FOR CONVICTION FOR POSSESSION OF MARIJUANA WHERE APPELLANT WAS THE SOLE OCCUPANT OF VEHICLE IN WHICH CONTRABAND WAS NOT VISIBLE."
The facts are undisputed. Miller did not present a defense.
Kettering Police Officer Wayne Villelli learned through an onboard computer check that the registered owner of a small pickup truck he observed on Shroyer Road was the subject of an outstanding arrest warrant. Officer Villelli stopped the truck. The driver was the sole occupant. The driver was Miller, who Officer Villelli determined was the subject of the warrant. Miller was placed under arrest on the warrant and Officer Ronald Roberts conducted an inventory search of the truck cab. On the passenger side floorboard, Roberts observed a purple Crown Royal cloth bag. These bags are frequently used to hold drugs and drug paraphernalia. Officer Roberts opened the bag and smelled marijuana. He found two X-acto knives and a bag of marijuana inside the Crown Royal bag. The officers were aware that Miller had "some history . . . relating to drugs" which was a consideration in their filing possession charges.
Miller was charged with knowingly possessing marijuana. R.C. 2925.11(A). "Possess" or "possession" is defined by R.C. 2525.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
Miller essentially argues under the first assignment that the trial court impermissibly inferred that he possessed the marijuana solely because he owned and operated the truck where the marijuana was found. He equates his truck with "premises" as found in the definition of "possess" or "possession."
We doubt the validity of equating a motor vehicle with "premises." "Premises" is a word associated with real estate, not motor vehicles. Black's Law Dictionary 5th Ed. p. 1063.
Further, the cases cited by Miller — State v. Haynes (1971),25 Ohio St.2d 264; State v. Weber (Mar. 24, 2000), Montgomery App. No. 17800, both involve residential real estate. Indeed, Weber discussed several cases involving residential real estate wherein ownership or occupancy by the defendant were alone insufficient to support an inference of knowing possession. A common thread distinguishes these cases: the defendant was not present at the time of the search and the defendant did not have exclusive control of the premises. In concluding that the evidence in Weber was insufficient to support an inference of knowing possession, we stated:
 "After reviewing all of these cases, we find that the facts of the present case are most similar to the Supreme Court case of State v. Haynes. In Haynes, as well as Peters, Dawson and Pumpelly, the only evidence linking the defendant to the contraband was his occupancy of the residence where it was found. In each of these cases, the defendant was not present at the time of the search, nor was there any forensic evidence presented linking him or her to the contraband.
"* * *
 "Based on the foregoing analysis, it is clear that where the only evidence linking a defendant to the contraband is his ownership or leasing of the property, this is not sufficient to establish constructive possession. In the present case, the only evidence the State presented linking Weber to the firearms and the marijuana and cocaine was his status as lessee of the property. All rooms in the residence were accessible to both tenants since Shannon Yost and Daniel Weber shared the master bedroom. Additionally, the State did not dispute that Weber had been away from the premises for several days at the time of the search. In fact, an officer testified that Weber was returning from Florida when they arrested him. Further, there were no fingerprints or other forensic evidence proving that Weber had ever had any contact with the drugs or guns found at the residence."
Here, Miller was the sole occupant of the pickup truck and the Crown Royal bag containing marijuana was in the truck in close proximity to him when he was stopped. State v. Brown (July 14, 2000), Montgomery App. No. 17891 involved drugs found on the rear passenger side of Brown's vehicle, of which he had been the sole occupant. We affirmed Brown's conviction for possession of cocaine. Although Brown involved an evidentiary conflict not present in this case, the court's analysis began with a discussion that is appropriate to resolution of this assignment. After reciting the statutory definition of "possession" we stated:
 "Furthermore, possession may be actual or constructive, and it need not be physical possession. State v. Kobi (1997), 122 Ohio App.3d 160. To be in constructive possession, the evidence must demonstrate that Brown was able to exercise dominion or control over the crack cocaine. `[R]eadily useable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of such drugs.' Id. at 174, citing State v. Pruitt (1984), 18 Ohio App.3d 50. See, also, State v. Barr (1993), 86 Ohio App.3d 227; State v. Paul (Feb. 4, 2000), Montgomery App. No. 17662, unreported."
In our judgment, the facts of this case support an inference that Miller knowingly possessed marijuana and the first assignment is accordingly overruled.
Miller's second assignment states:
 "APPELLANT'S CONVICTION FOR POSSESSION OF CONTRABAND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE ONLY EVIDENCE IS THAT APPELLANT WAS THE SOLE OCCUPANT AND OWNER OF THE PREMISES."
The trial court expressed the following rationale for finding Miller guilty:
 "He didn't testify today so all we heard is what the police officers said and the Court reached the conclusion that he was in control of the truck and while he was in control of the truck uh, he's in control of what's in the truck, including the Crown Royal bag and whatever was in it."
Without explanation, Miller asserts this was an improper basis for a guilty finding. He also asserts the evidence failed to establish he knew or should have known what was in the Crown Royal bag.
We agree with Miller that simply because he controlled the truck, it doesn't necessarily follow that he knowingly possessed the marijuana in the Crown Royal bag. Nevertheless, as stated in connection with the first assignment, the facts reasonably support an inference that Miller knowingly possessed marijuana. In the absence of any counterweight to the state's evidence, we conclude that the finding of guilty is also not against the manifest weight of the evidence, notwithstanding possible oversimplification of the issue by the trial court.
The second assignment is overruled.
The judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.