JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Sophia Young appeals her conviction for possession of drugs, preparation of drugs for sale, and possession of criminal tools. For the reasons below, we affirm.
 {¶ 2} David Thompson, a detective with the Cuyahoga Metropolitan Housing Authority (CMHA), testified that two months prior to Young's arrest, he had received several complaints alleging that Young was dealing drugs from her CMHA apartment in Carver Park Estates. He set up surveillance of the apartment and observed frequent pedestrian traffic in and out of the apartment. The individuals would stay for a short period of time and leave.
 {¶ 3} On February 22, 2001, Det. Thompson arranged a controlled buy using a confidential reliable informant (CRI). Thompson searched the CRI and determined that he did not have any drugs on his person. On Thompson's instruction, the CRI buzzed Young's apartment. Thompson observed Young come down to let the CRI into the building. The CRI then exited the building with a rock of crack cocaine that he had just purchased. After this controlled buy, Thompson obtained a search warrant.
 {¶ 4} On February 23, 2001, CMHA detectives executed the search warrant with a SWAT team. Young and her boyfriend, Michael Cannady, and their infant son were all found in the living room of the apartment which was leased to Young.
 {¶ 5} Cannady and several CMHA detectives and police officers testified on behalf of the State. Det. Ramsey and Chanel Holt, Young's sister, were called to testify for the defense.
 {¶ 6} During the search of the apartment, Det. Azzano found a green coat containing forty rocks of cocaine hanging in an open closet in the kitchen of the apartment. Det. Thompson testified that during an earlier unrelated investigation at Carver Park, he had observed Young wearing the same green coat. Cannady, who received a one-year sentence on charges stemming from this incident, testified that the green coat belonged to Young.
 {¶ 7} A plate and a razor blade with cocaine residue and crumbs were found in the kitchen. In addition, $373 was found in a pair of pants belonging to the unemployed Cannady, $120 was found in Young's bra and $24 in her pants pocket. After his arrest, an additional $320 in cash was discovered on Cannady. On cross-examination, Cannady was unable to explain how the cash came into his possession.
 {¶ 8} Det. Thompson testified that mail addressed to Cannady and other miscellaneous papers belonging to him were found in a bedroom of the apartment. Cannady had previously been arrested at the apartment in May 2000. However, Cannady claimed that he lived with his mother at a different address.
 {¶ 9} In addition, Howard Hendricks was in the hallway near the apartment when the SWAT team approached. He was searched and a rock of crack cocaine was found in his mouth.
 {¶ 10} Det. Thompson testified that Young was the focus of the search warrant and Cannady's presence was unknown until entry into the apartment. Sgt. Shank testified that there were two suspects prior to the execution of the search warrant, one male and the other female. The complaints that the police had received indicated that Young was selling drugs. In addition, the CRI purchased drugs from Young during the controlled buy.
 {¶ 11} Young questions the credibility of the officers because she alleges that she had a sexual relationship with Det. Ramsey. Ramsey denied prior knowledge of Young other than investigating her alleged drug activity. After he was pressed by Young's attorney, he did admit that his best friend who, resides in the apartment below Young's, had previously dated her. Holt testified that she had seen Ramsey and Young engaging in sexual activity one year prior to Young's arrest.
 {¶ 12} Young was indicted on three counts: possession of drugs, preparation of drugs for sale, and possession of criminal tools. She waived her right to a jury trial and proceeded with a bench trial. The court found her guilty of all charges and sentenced her to two years on count one, three years on count two, and one year on count three, each term to run concurrently.
 {¶ 13} In her first two assignments of error, Young contends that the State failed to present sufficient evidence of criminal activity and that her convictions are against the manifest weight of the evidence. Specifically, she argues that there was no evidence that she possessed the rocks of crack cocaine that were found in the coat pocket, nor was a link made between her and the plate and razor blade with cocaine residue. She maintains that she was merely present when the search warrant was executed.
 {¶ 14} A review of the record reveals that Young did not have drugs on her person; therefore, the State had to present evidence that she constructively possessed the rocks of crack.
 {¶ 15} "Possess or possession means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 16} Constructive possession is established when the accused is able to exercise dominion or control over the contraband. State v. Slade
(2001), 145 Ohio St.3d 241, citing, State v. Wolery (1976),46 Ohio St.2d 316, 322, 348 N.E.2d 351. Furthermore, readily usable drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. Id., citingState v. Scalf (1998), 126 Ohio App.3d 614, 620, 710 N.E.2d 1206.
 {¶ 17} "When narcotics are discovered in the general living area of jointly occupied premises, one can only speculate as to which of the joint occupiers have possession of the narcotics. In other words, no inference of guilt in relation to any specific tenant may be drawn from the mere fact of the presence of narcotics on the premises." State v.Haynes (1971), 25 Ohio St.2d 264, 270, 267 N.E.2d 787.
 {¶ 18} Here, the facts support a finding that Young and her boyfriend lived in the apartment. In addition, Holt testified that Young's sister Salina also occupied the apartment. Holt further testified that the lock on the door was easily opened with a screwdriver and the apartment was accessible to many people.
 {¶ 19} However, in addition to her presence at the residence, the record also reveals evidence connecting Young to the drugs. All of the evidence gained from the complaints and the surveillance of the apartment indicated that Young was the person dealing drugs. According to Thompson, Young was the focus of the investigation. Thompson also testified that the controlled drug buy involved Young. Also, the drugs were found in a green jacket which Thompson and Ramsey previously observed Young wearing. Cannady also testified that the coat belonged to Young.
 {¶ 20} Further, Hendricks was found in the hallway near Young's apartment just prior to the execution of the search warrant with a rock of crack cocaine in his mouth, and Young was found with over $100 on her person.
 {¶ 21} The fact that a larger amount of money was found on Cannady and that Cannady pled guilty to possession of drugs based on the same incident does not exonerate Young.
 {¶ 22} Also, the issue raised by Young regarding credibility does not warrant reversal of her conviction. Determining the credibility of the witnesses is primarily up to the fact finder. State v. DeHass
(1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212, 213. See, also, State v.Jenks (1991), 61 Ohio St.3d 259.
 {¶ 23} For the foregoing reasons, there was sufficient evidence of Young's constructive possession.
 {¶ 24} Further, credible evidence was presented to the trial court whereby it was reasonable to conclude that Young constructively possessed the rocks of cocaine found in the apartment. Thus, construing the conflicting evidence in the light most favorable to the prosecution, the verdict was not against the manifest weight of the evidence. See Jenks,61 Ohio St.3d at 279.
 {¶ 25} The first and second assignments of error are overruled.
 {¶ 26} In her third assignment of error, Young contends that she was denied effective assistance of counsel due to counsel's failure to file a motion in limine to keep evidence of the controlled buy and the statements made by the CRI from being presented at trial.
 {¶ 27} In her fourth assignment of error, Young alleges that prejudicial error was committed by the admission of "other acts" testimony in violation of R.C. 2945.59 and Evid.R. 404(b). She maintains that the evidence regarding the controlled buy and the complaints made by neighbors about her alleged drug dealing are other acts and thus were not admissible.
 {¶ 28} In her fifth assignment of error, Young maintains that the prosecutor engaged in misconduct which violated her right to a fair trial. In closing argument, the prosecutor relied on statements made by the CRI and noted that Hendricks was near Young's apartment with a rock of crack cocaine in his mouth. Young contends that the CRI's statement that he bought crack from Young is hearsay, and that the State failed to establish the origin of the crack in Hendricks' mouth.
 {¶ 29} First, the evidence submitted regarding the controlled buy and the CRI was presented through Det. Thompson's testimony. He was the officer who conducted the controlled buy. Further, he used the controlled buy and the complaints of the neighbors and the management of the apartment to obtain the search warrant. Thus, evidence regarding the CRI and the complaint were admissible.
 {¶ 30} Further, the fact that Hendricks was near Young's apartment with a rock of crack in his mouth served as circumstantial evidence that Young was selling drugs from her apartment.
 {¶ 31} Even if it is assumed that the trial court erred in admitting the above-described evidence:
 {¶ 32} "In a bench trial, the trial court is presumed to rely on only relevant, material evidence in arriving at its judgment." State v.King (Feb. 1, 2001), Cuyahoga App. No. 77566, citing State v. Williams
(Oct. 12, 2000), Cuyahoga App. No. 77153, State v. Lane (1995),108 Ohio App.3d 477, and State v. Richey (1992), 64 Ohio St.3d 353.
 {¶ 33} Here, this matter was tried without a jury. Therefore, we assume that the trial court, as trier of fact, relied on relevant, material evidence in making its determination of guilt.
 {¶ 34} Accordingly, Young has failed to show that she was prejudiced by the admission of the above-referenced testimony. Her last three assignments of error are therefore without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and PATRICIA ANN BLACKMON, J. concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).