OPINION
On June 28, 2001, City of Canton police officers executed a search warrant at an apartment in Canton, Ohio. Appellant, Michelle Card, lived in the apartment. The police discovered crack cocaine and drug paraphernalia. On July 5, 2001, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11(A) and four counts of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1).
A jury trial commenced on September 4, 2001. The jury found appellant guilty as charged. By judgment entry filed September 6, 2001, the trial court sentenced appellant to a total aggregate term of eleven months in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 WHERE THE STATE FAILED TO PROVE THE ELEMENT OF POSSESSION AND HER CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in denying her Crim.R. 29 motion and the jury's verdict was against the manifest weight of the evidence. We disagree.
Crim.R. 29(A) states as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of possession of cocaine in violation of R.C.2925.11(A) which states "[n]o person shall knowingly obtain, possess, or use a controlled substance," and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) which states "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia." Possession is described in R.C. 2925.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. State v. Haynes (1971), 25 Ohio St.2d 264. Constructive possession is when the accused was able to exercise dominion or control over the seized items. State v. Wolery (1976), 46 Ohio St.2d 316.
Appellant argues the state "did not prove that she was the only occupant of the apartment." Appellant's Brief at 7. Therefore, the evidence was insufficient to establish that the cocaine and the drug paraphernalia belonged to her. Defense counsel stated during opening statement that appellant was not living alone, but resided with her boyfriend, Eugene Parker. T. at 72.
Officer Eric Stanbro who executed the search warrant testified he had "past dealings with the apartment." T. at 89. Officer Stanbro never came into contact with an individual by the name Eugene Parker while at the apartment. T. at 92. During the search of the apartment, Officer Stanbro did not observe any men's items or clothing to suggest that anyone other than appellant lived in the apartment. T. at 86, 89. Upon her arrest, appellant gave the aforementioned apartment as her address. T. at 86-87. Appellant did not testify and did not present any evidence to establish that someone else lived in the apartment with her. We find the evidence establishes appellant to be the sole resident of the apartment.
Upon review, we find sufficient credible evidence to overcome the Crim.R. 29 motion, and no manifest miscarriage of justice.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
FARMER, J., HOFFMAN, P.J. and GWIN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.