JOURNAL ENTRY and OPINION
Defendant-appellant Evelyn Hopkins appeals from her conviction after a bench trial on one count of possession of cocaine.
Appellant asserts her conviction is neither based upon sufficient evidence nor supported by the weight of the evidence. After a thorough review of the record, this court disagrees. Appellant's conviction, therefore, is affirmed.
Appellant's conviction stems from an investigation of the activity that occurred in the upstairs unit of a duplex located at 3464 East 114th Street in Cleveland, Ohio. Citizen complaints were made that drug sales were occurring at the premises; therefore, members of the Cleveland Police Department began undercover surveillance of it.
On January 9, 2001 police Det. Robert McKay II observed a woman, later identified as appellant, standing at a window inside the unit's enclosed front porch. The officers by this time had ascertained appellant was the leaseholder of the upstairs unit. McKay testified he saw appellant along with other individuals when [drivers] would pull up would either flag them into the house or someone would come down and meet the[m]. Two of these drivers that pull[ed] up in front of the location and honked the horn were subsequently stopped, found to possess drugs, and arrested.
Two days later, the officers arranged for a confidential reliable informant to make a drug purchase inside the unit. As a result of CRI's success, the officers obtained a search warrant for the unit, which they executed at approximately 9:30 p.m. on January 12, 2001.
Upon their entry, the officers saw several males exited the back porch. One of them, Ulysses Davis, threw away an aluminum can inside of which the officers later discovered a large amount of crack cocaine. Crack cocaine in the form of rock and crumbs also was found on the front dining room table of the unit.
Appellant was present at the time the search warrant was executed. Det. Robert Pirinelli proceeded into one of the two bedrooms. He testified that when he entered, he observed women's clothing and appellant's personal papers and effects inside. He further observed right next to the trash can on the floor alongside the bed a small metal pipe. The pipe later tested positive for cocaine. When Pirinelli asked, [W]hose bedroom is this[?], appellant answered, It's mine.
Appellant thereafter was indicted with Ulysses Davis; counts two and three pertained to appellant and charged her with possession of cocaine in violation of R.C. 2925.11. Count two related to the rocks and crumbs while count three related to the traces of cocaine found on the metal pipe.
Appellant's case proceeded individually to a bench trial subsequent to her eventual execution of a jury waiver. The state presented, inter alia, the testimony of McKay and Pirinelli; appellant stipulated to the forensic analysis of the drugs found inside the premises. The trial court found appellant not guilty of count two but guilty of count three. Following a presentence investigation and report, the trial court sentenced appellant to two years of conditional community control sanctions.
Appellant presents the following two assignments of error on appeal:
 I. The trial court erred in denying appellant's motion for acquittal when the state failed to present sufficient evidence that she possessed the contraband in question.
 II. The appellant's conviction for possession of drugs is against the manifest weight of the evidence as the state failed to prove beyond a reasonable doubt that the appellant possessed the contraband in question.
Appellant argues her conviction is supported by neither sufficient evidence nor the weight of the evidence. Appellant contends the state failed to prove she actually possessed the metal crack pipe found next to the bed; therefore, her motions for acquittal improperly were overruled and her conviction must be vacated. Appellant's argument lacks merit.
A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the trier-of-fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. At 175.
Thus, this court must be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Although the mere presence of a person in the vicinity of contraband is not enough to support the element of possession, if the evidence demonstrates defendant was able to exercise dominion or control over the illegal objects, defendant can be convicted of possession. State v. Wolery (1976), 46 Ohio St.2d 316; cf., State v. Haynes (1971),25 Ohio St.2d 264. Moreover, where an amount of readily usable drugs is in close proximity to a defendant, this constitutes circumstantial evidence to support the conclusion that the defendant was in constructive possession of the drugs. State v. Benson (Dec. 24, 1992), Cuyahoga App. No. 61545; State v. Pruitt (1984), 18 Ohio App.3d 50. Circumstantial evidence alone is sufficient to support the element of constructive possession. State v. Jenks, supra; State v. Lavender (Mar. 12, 1992), Cuyahoga App. No. 60493.
In this case, McKay testified appellant was the leaseholder of the unit. Pirinelli testified he observed when he entered the bedroom the metal crack pipe was located alongside the bed. The bedroom contained only women's clothing, and also contained appellant's personal papers and effects. Furthermore, when asked, appellant admitted the bedroom was hers.
On similar facts such as these, this court has determined the state established the requisite element of possession contained in R.C. 2925.11. State v. Mason (July 5, 2001), Cuyahoga App. No. 78606; State v. Acevedo (Aug. 3, 2000), Cuyahoga App. No. 76528; see also, State v. Roundtree (Dec. 3, 1992), Cuyahoga App. No. 61131.
Appellant's conviction for possession of cocaine, therefore, was supported by both sufficient evidence and the weight of the evidence.
Accordingly, appellant's first and second assignments of error are overruled.
Appellant's conviction is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and JAMES J. SWEENEY, J. CONCUR.