JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Richard Barrow, appeals his convictions for possession of drugs and trafficking in drugs. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On May 10, 2007, the grand jury indicted appellant on one count of drug trafficking, under R.C. 2925.03; one count of drug possession, under R.C. 2925.11; and one count of possession of criminal tools, under R.C. 2923.24.
 {¶ 3} On June 18, 2007, the trial court denied appellant's motion to suppress, and a bench trial began on June 19, 2007. The trial court found appellant guilty of drug trafficking and drug possession (both first degree felonies) and not guilty of possession of criminal tools. On July 3, 2007, the trial court sentenced appellant to four years on each count, to be served concurrently.
 {¶ 4} The facts that lead to this appeal began on April 6, 2007, when Euclid Police Officer John Buling was monitoring speed on Interstate 90 in Euclid, Ohio. He saw a red car driving very fast in the westbound lanes. His laser device clocked the car traveling at 92 miles per hour. Officer Buling pulled over the vehicle and requested the driver's license and proof of insurance from the driver. Before producing the required documents, appellant fumbled around, reached for the dash and glove box, and placed his hands in his pocket. Officer Buling described appellant as agitated and nervous. Eventually, appellant produced an identification card. *Page 4 
 {¶ 5} The officer discovered that appellant was driving under suspension and had two warrants out for his arrest. The warrants instructed that officers should approach appellant with caution; therefore, Officer Buling called for police backup.
 {¶ 6} Officer Donna Hoden arrived on the scene, and both officers asked appellant to exit his vehicle. Officer Buling arrested appellant for driving under suspension, and the officers performed a search of appellant incident to arrest. Officer Buling found only a large amount of cash. The officers placed appellant in Officer Hoden's police car. As Officer Hoden drove to the Euclid jail, appellant constantly moved around in the backseat. She testified that it appeared as though appellant was trying to take something out of his clothing.
 {¶ 7} After arriving at the jail, Officer Wittreich[1] assisted in removing appellant from the police car. After appellant was removed from the car, Officer Hoden found plastic baggies under the backseat containing what appeared to be crack cocaine. Officer Hoden testified that, at the start of her shift, she had checked her car and equipment, and she found no weapons or contraband at that time. She stated that she had specifically inspected underneath the backseat.
 {¶ 8} Stephanie Laux testified that she is a drug chemist at the Ohio Bureau of Criminal Investigation and that the material found in Officer Hoden's car was 31.7 grams of crack cocaine. *Page 5 
 {¶ 9} Appellant testified on his own behalf. He claimed that he had been speeding because he was in a hurry to reach his cousin's house. He alleged that he had just received information that his cousin's ex-boyfriend had raped and beaten her. Appellant testified that the drugs found in Officer Hoden's car were not his.
 Review and Analysis {¶ 10} Appellant brings this appeal, asserting one assignment of error for our review.
 {¶ 11} "I. The evidence was insufficient to support convictions for possession of drugs and trafficking in drugs."
 {¶ 12} Appellant argues that there was insufficient evidence to convict him of drug possession and drug trafficking. More specifically, he argues there was no evidence that he possessed any drugs while he was in the police car. This argument is without merit.
 {¶ 13} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 14} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational *Page 6 
trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 15} More recently, in State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 16} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether *** the evidence is legally sufficient to support the *** verdict as a matter of law.' Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388,124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560." Id. at 386-387.
 {¶ 17} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 462 N.E.2d 407. *Page 7 
 {¶ 18} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the trier of fact as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147, 529 N.E.2d 1236. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 19} Under R.C. 2925.11(A), "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01(K) defines "possess" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 20} Under R.C. 2925.03(A)(2), "[n]o person shall knowingly *** [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 21} The crux of appellant's argument is that there was insufficient evidence that he possessed the crack cocaine. Without evidence of possession, there would be insufficient evidence of drug possession or drug trafficking. For the reasons set forth below, we find that there was sufficient evidence that appellant possessed the drugs. *Page 8 
 {¶ 22} "Possession may be actual or constructive. State v. Haynes
(1971), 25 Ohio St.2d 264, 54 O.O.2d 379, 267 N.E.2d 787. To [establish] constructive possession, the evidence must demonstrate that the defendant was able to exercise dominion and control over the [contraband]. State v. Wolery (1976), 46 Ohio St.2d 316, 75 O.O.2d 366,348 N.E.2d 351." State v. Barr (Feb. 3, 1993), Cuyahoga App. No. 61361.
 {¶ 23} Dominion and control may be proven by circumstantial evidence.State v. Trembly (Mar. 27, 2000), Cuyahoga App. No. 75996. Circumstantial evidence that the defendant was located in very close proximity to drugs may constitute constructive possession. Id.
 {¶ 24} A review of the records shows that there was sufficient circumstantial evidence that appellant possessed cocaine. Officer Hoden testified that she inspected the backseat of her patrol car before the start of her shift and found no evidence of weapons or contraband. Appellant was the first person she had placed in the backseat during her shift. After appellant left the patrol car, Officer Hoden found baggies containing crack cocaine under the backseat, exactly where appellant had sat. Further, appellant's constant shuffling around while in the car is circumstantial evidence that he possessed drugs.
 {¶ 25} Based upon this circumstantial evidence, it is clear that appellant possessed drugs when he entered Officer Hoden's police car and that he removed them from his person and placed them under the backseat before he exited the car. *Page 9 
We find that there was sufficient evidence of possession. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., CONCURS; MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY
[1] The record does not indicate Officer Wittreich's first name. *Page 1