[Cite as *State v. Stewart*, 2012-Ohio-4701.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs | : | |
| | : | |
| KEVIN M. STEWART | : | Case No. 11CAA100091 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 11CRI040227


JUDGMENT:                        Affirmed/Reversed in Part &
                                 Remanded


DATE OF JUDGMENT:                October 9, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

KYLE ROHRER                               JOHN R. CORNELY
140 North Sandusky Street                 21 Middle Street
3rd Floor                                 P.O. Box 248
Delaware, OH  43015                       Galena, OH  43021-0248

*Farmer, J.*

{¶1}   On April 15, 2011, the Delaware County Grand Jury indicted appellant, Kevin Stewart, on one count of possessing drugs (Percocet) in violation of R.C. 2925.11.  Said charge arose after an inventory search of appellant's vehicle following a motor vehicle accident.

{¶2}   A jury trial commenced on September 29, 2011.  The jury found appellant guilty as charged.  By judgment entry filed September 30, 2011, the trial court sentenced appellant to forty-eight months in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION FOR POSSESSION OF DRUGS AS A FELONY OF THE THIRD DEGREE, AS THE STATE PROVIDED NO EVIDENCE AS TO WHAT IS THE 'DAILY DOSE' FOR 10 MG PERCOCET."

II

{¶5}   "THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT POSSESSED PERCOCET IN ANY AMOUNT."

III

{¶6}   "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

IV

{¶7}   THE TRIAL COURT ERRED IN PERMITTING MS. SULLIVAN'S 'OTHER ACTS' TESTIMONY INTO EVIDENCE AND DENIED APPELLANT HIS RIGHT TO A FAIR TRIAL."

V

{¶8}   "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A FORTY-EIGHT MONTH TERM OF IMPRISONMENT AS A THIRTY-SIX MONTH TERM OF IMPRISONMENT WAS THE MAXIMUM AVAILABLE SENTENCE."

VI

{¶9}   "MISCONDUCT OF THE ASSISTANT PROSECUTING ATTORNEY IN CLOSING ARGUMENTS DENIED APPELLANT THE RIGHT OF A FAIR TRIAL."

I

{¶10}  Appellant claims there was insufficient evidence in the record to establish the "daily dose" for 10mg of Percocet.  We disagree.

{¶11}  "Possession of drugs" is defined in R.C. 2925.11(A) as "[n]o person shall knowingly obtain, possess, or use a controlled substance."  Percocet is a Schedule II controlled substance.  R.C. 3719.01(C) and 3719.41(A)(1)(n).  Possession of Percocet is a felony of the third degree "[i]f the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount,***and there is a presumption for a prison term for the offense."  R.C. 2925.11(C)(1)(b).

{¶12}  "Bulk amount" is defined as "[a]n amount equal to or exceeding twenty grams or five times the maximum daily dose in the usual dose range specified in a standard pharmaceutical reference manual of a compound, mixture, preparation, or

substance that is or contains any amount of a schedule II opiate or opium derivative." R.C. 2925.01(D)(1)(d).

{¶13}  A "unit dose" is defined as "an amount or unit of a compound, mixture, or preparation containing a controlled substance that is separately identifiable and in a form that indicates that it is the amount or unit by which the controlled substance is separately administered to or taken by an individual."  R.C. 2925.01(E).

{¶14}  At the commencement of the trial, the following discussion was held on the record:

{¶15}  "THE COURT: Okay.  What is the state's position to the bulk amount?

{¶16}  "***

{¶17}  "MR. ROHRER: Is it 15 or 30?

{¶18}  "MR. CORNELY: For this preparation it is 30 tablets, and that comes from the controlled substance reference table of the Ohio Drug Law Book.

{¶19}  "THE COURT: Everyone is in agreement that the bulk amount is 30 tablets?

{¶20}  "MR. CORNELY: Ten Milligrams.

{¶21}  "THE COURT: And that is in the lab report, from Hamilton County or at BCI?

{¶22}  "MR. ROHRER: This is a BCI lab report, that indicates 58 and a half tablets.

{¶23}  "THE COURT: Okay.  Okay.  We have to add that in the jury instructions.

{¶24}  "MS. CLINGER: Okay."  T. at 14-15.

{¶25} During the jury instructions, the trial court stated "[y]ou are further instructed that, by law, a bulk amount of the Schedule II controlled substance, Oxycodone/Acetaminophen for a 10 milligram unit dose is 30 tablets." T. at 289.

{¶26} With the stipulation/agreement on the record and no objection to the trial court's jury instructions, we find sufficient evidence to establish the bulk amount for oxycodone (Percocet).

{¶27} Assignment of Error I is denied.

## II, III

{¶28} Appellant claims his conviction for drug possession was against the sufficiency and manifest weight of the evidence. We disagree.

{¶29} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the

conviction." *Martin* at 175. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *Jenks,* supra.

{¶30} Appellant was convicted of possessing drugs (Percocet) in violation of R.C. 2925.11(A) defined supra. Appellant argues there was no evidence to support the guilty finding because no evidence was presented to establish that he knew the bottle of Percocet was in the vehicle he was driving, his mother's vehicle.

{¶31} "Possession" is described in R.C. 2925.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264. Constructive possession is when an individual is able to exercise dominion or control over a seized item, even if the person does not have the item within his/her immediate physical possession. *State v. Wolery* (1976), 46 Ohio St.2d 316.

{¶32} Delaware County Sheriff's Deputy Troy Ellis testified he was called to investigate an accident scene wherein appellant rear-ended another vehicle. T. at 87-88, 90, 93. Appellant was the only person in his vehicle. T. at 90, 151. Both front seat airbags had deployed. T. at 91. Because the vehicle was inoperable and appellant did not have a valid driver's license, an administrative inventory was conducted and a bottle of Percocet pills was found on the front passenger floor, near the front seat. T. at 94-95. The pill bottle would have been visible to a person sitting in the driver's seat. T. at

96. A loose capsule was found under the driver's seat, but it was not a controlled substance.  T. at 103; State's Exhibit 7.

{¶33} Appellant's mother, Latella Stewart, testified she was the owner of the vehicle and appellant had borrowed it without her knowledge.  T. at 164.  She testified the pill bottle containing Percocet was not hers as she did not have a prescription for Percocet, only Lotrel capsules for blood pressure.  T. at 167-168.  She had never seen the Percocet pill bottle before.  T. at 168.

{¶34} Doris Sullivan, Ms. Stewart's neighbor, testified she had been prescribed 10mg of Percocet for back pain.  T. at 179-180.  Appellant told her he was having trouble getting pain pills, so she retrieved some pills from her bedroom and gave him some in a small bottle.  T. at 185-187.  She originally offered him two, but he requested the remaining pills (10-12).  T. at 186-187.  At that time, appellant told her the pills were valuable if sold on the open market for $10.00 to $15.00 a pill.  T. at 187.  Ms. Sullivan told him if he was going to sell them to give them back to her.  T. at 188.  Appellant specifically asked "you don't want me to sell any of the pills" and she replied "that's right."  Id.  Ms. Sullivan testified the bottle of pills found in the vehicle was not the bottle she had given him.  T. at 191, 196.

{¶35} Appellant denied getting any pills from Ms. Sullivan and offering to sell pills for her.  T. at 215.  Appellant was using his mother's vehicle to get a back brace for her when he rear-ended another vehicle.  T. at 217-218, 228.  He stated he had never driven his mother's vehicle before.  T. at 228.  Appellant denied any knowledge of the pill bottle in the vehicle and claimed it belonged to Ms. Sullivan.  T. at 221-223, 226.

Appellant stated he was prescribed 5mg of Percocet while in Arizona, but did not have any with him in Ohio. T. at 215-216, 229.

{¶36} The testimony showed appellant had exclusive control of the vehicle at the time of the accident, appellant's mother, the owner of the vehicle, did not take Percocet, appellant had a street awareness of the value of the Percocet pills in the open market, and he was aware of Ms. Sullivan's prescription and the large bottle of pills in her bedroom.

{¶37} Upon review, we conclude there was sufficient direct and circumstantial evidence to support the conviction, and find no manifest miscarriage of justice.

{¶38} Assignments of Error II and III are denied.

IV

{¶39} Appellant claims the trial court erred in permitting "other acts" testimony in violation of Evid.R. 404(B). We disagree.

{¶40} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage* (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶41} The discretion afforded a trial court in determining evidentiary issues on other acts is tempered by Evid.R. 404(B) and R.C. 2945.59 which state the following, respectively:

{¶42} "[Evid.R. 404(B)] Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶43} "[R.C. 2945.59] In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

{¶44} We note "relevant evidence" "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Evid.R. 401.

{¶45} The complained of testimony was elicited from Ms. Sullivan:

{¶46} "I gave them to him. He says do you know what those sell for on the open market, or at market? I said no, I don't care about that. He says, well, these sell for $10 to $15 each. I said well, telling me that, he said well, he gets a lot of money from those. I said I don't want to know what he said back. I said if there's any thought of you selling them give them back to me right now, you will not sell any of my pills, never. I gave them to help you. He stood there a minute and he said, you don't want me to sell any of the pills? I said that's right. He says I won't sell any of your pills. I said you got it. Okay, you can have them.

{¶47} "***

{¶48} "Yes. He walked out the door into the hallway, he stopped and he said here's what will happen, someone will knock on your door to give you a pizza, bring the pizza in, you open it and there will be an envelope in it with money. Then he just took off." T. at 187-188.

{¶49} Prior to permitting the testimony, the trial court conducted an extensive "voir dire" on her testimony. T. at 105-133. Appellant testified based upon a hearsay comment made by his mother, the pill bottle found in the vehicle belonged to Ms. Sullivan, and he told Deputy Ellis about the statement. T. at 151, 223-224.

{¶50} We conclude ownership and possession of the pill bottle was totally relevant to the trial of this case. In addition, the complained of testimony established the lack of mistake or identity.

{¶51} Upon review, we find the trial court did not abuse its discretion in admitting the complained of testimony.

{¶52} Assignment of Error IV is denied.

V

{¶53} Appellant claims the trial court erred in sentencing him under H.B. No. 86. We agree.

{¶54} By judgment entry filed September 30, 2011, the trial court sentenced appellant to forty-eight months in prison for violating R.C. 2925.11, a felony of the third degree. Prior to September 30, 2011, felonies of the third degree were punishable by "one, two, three, four, or five years." See, Former R.C. 2929.14(A)(3).

{¶55} On September 30, 2011, H.B. No. 86 took effect which changed penalties for felonies of the third degree as follows:

{¶56} "(3)(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911. 02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

{¶57} "(b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."  R.C. 2929.14(A)(3).

{¶58} The maximum sentence the trial court could have sentenced appellant to was thirty-six months.  Therefore, we find the trial court erred in sentencing appellant to forty-eight months in prison.  The state did not present any authority to the contrary. See, Appellee's Brief at 22-23.

{¶59} Assignment of Error V is granted.

VI

{¶60} Appellant claims the prosecutor's comments during closing argument unfairly prejudiced his rights to a fair trial.  We disagree.

{¶61} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused.  *State v. Lott* (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596.  In reviewing allegations of

prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. *Darden v. Wainwright* (1986), 477 U.S. 168.

{¶62} Appellant complains of the following comments:

{¶63} "But read State's Exhibit 8. Read the letter he wrote to Doris Sullivan. Use your common sense and ask yourself why would he have written page 3 of what he wrote, that she said this, this is what I told my attorney and the detective, and quotations, it tells a fair story, that we saw clips of on the video, and you saw part of it, just flat out are not true.

{¶64} "Ask yourself the next question, why? Because lying doesn't in and of itself - - why would he lie in this particular case? Well, it was because I don't want to be convicted of possession of drugs, which he was charged with in this case.

{¶65} "He talked to Doris Sullivan about the pills. He knows they were accessible to him. He had that very specific intent. Do you believe Doris Sullivan knows his specific intent and knows what he's going to do with those pills? And I believe that there is no reasonable doubt in this case.

{¶66} "You saw what the defendant told you; how the defendant reacted to this. He was clearly trying to send a message of some sort, and it wasn't the truth." T. at 265-267, 277, respectively.

{¶67} We find no undue prejudice as the complained of comments were statements on the testimony and conclusions proposed from the evidence presented. Furthermore, the trial court instructed the jury that closing arguments did not constitute evidence. T. at 262.

{¶68} Assignment of Error VI is denied.

{¶69} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Delaney, P.J. and

Gwin, J. concur.


_s / Sheila G. Farmer_____


_s / Patricia A. Delaney_____


_s / W. Scott Gwin_____

JUDGES


SGF/sg 906

[Cite as *State v. Stewart*, 2012-Ohio-4701.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEVIN M. STEWART | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CAA100091 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for resentencing. Costs to be divided equally between appellant and appellee.

s / Sheila G. Farmer_____

s / Patricia A. Delaney_____

s / W. Scott Gwin_____

JUDGES