[Cite as *State v. Howard*, 2013-Ohio-5691.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| RONALD B. HOWARD | : | Case No. 13CA24 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Richland County
                                    Court of Common Pleas, Case No.
                                    2012-CR-500


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   December 6, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JILL M. COCHRAN                           JOHN C. O'DONNELL
Assistant Prosecuting Attorney            10 West Newlon Place
38 South Park Street                      Mansfield, OH 44902
Mansfield, OH 44902

*Baldwin, J.*

{¶1}     Appellant Ronald B. Howard appeals a judgment of the Richland County Common Pleas Court convicting him of possession of cocaine in an amount exceeding 27 grams (R.C. 2925.11(A), (C)(4)) and sentencing him to nine years incarceration. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2}     In December of 2011, appellant was placed on probation with officer Russ Daubenspeck.  One of the specific terms of his probation was that he would agree to a warrantless search of his person, his motor vehicle or his place of residence by his supervising officer or another authorized representative of the Department of Rehabilitation and Corrections if there were reasonable grounds to believe that appellant was violating the law or the conditions of his supervision.  Appellant listed his address as 670 King Street, Apartment 3, in Mansfield, where he planned to reside with his mother.

{¶3}     Appellant tested positive for cocaine in January of 2012.  Daubenspeck spoke to appellant about an outpatient drug treatment program, and told appellant to report three times a week for drug testing.  Appellant stopped reporting.  Daubenspek obtained a bench warrant for appellant's arrest.

{¶4}     Because of the area where appellant lived and Daubenspeck's suspicions of what appellant was involved with, he conferred with Luke Mayer of the Adult Parole Authority who was working with the United States Marshal Fugitive Task Force about appellant's violation of the terms of his probation and the warrant issued for appellant's arrest.

{¶5}    The U.S. Marshal Fugitive Task Force, made up of six officers from different agencies, went to appellant's residence on March 8, 2012, to serve the arrest warrant.  Officers knocked on the door.  No one answered the door immediately, and officers could hear shuffling going on inside the apartment.  They heard someone yelling that a person was climbing out of the window.  At about this time, James Yelton answered the door.  He was a probationer on Officer Mayer's caseload, and was handcuffed and placed in the hallway.  When officers entered the apartment they found eight people in the apartment.  Appellant was removed from the back bedroom.

{¶6}    As Sergeant Brett Neuenschwander from the Lexington Police Department approached a closet in the apartment's only bedroom to assist in clearing out people, he noticed a plastic baggie sticking out of a woman's boot.  The plastic baggie appeared to have cocaine inside.  Mansfield police and METRICH were called at this point.  Warlene Howard, the leaseholder of the apartment, signed a consent to search the apartment.   At the suppression hearing, Officer Steve Blust testified that Warlene told him appellant was residing alone at the apartment because she was staying with her sick brother.

{¶7}    Appellant had $1,600.00 in cash on his person, and three separate cell phones.  Three of the individuals in the apartment had prior convictions for drug trafficking.  Three baggies of cocaine were found in the woman's boot in the bedroom closet.  In a sock drawer in the bedroom, officers found a Mason jar with liquid, floating material and a fork inside.  The material in the jar was later found to be cocaine.  A brown prescription bottle removed from the dresser drawer contained cocaine.  Officers

removed evidence from the kitchen of what appeared to be a manufacturing operation of crack cocaine.

{¶8} Appellant was indicted by the Richland County Grand Jury with possession of cocaine (R.C. 2925.11(A),(C)(4)) and trafficking in cocaine (R.C. 2925.03(A),(C)(4)(f)). Appellant filed a motion to suppress the cocaine found in the woman's boot on the basis that the officer did not have probable cause to remove the baggie from the boot. The trial court overruled the motion, finding that appellant had consented to a search of his residence as a condition of his probation.

{¶9} Prior to trial, appellant filed a motion in limine asking the court to exclude evidence that appellant was on probation and that law enforcement came to the apartment to serve a warrant issued by the Adult Parole Authority. The trial court granted the motion as long as appellant did not contest the fact that he resided at the apartment. The trial court indicated to appellant that if he denied he was living at the apartment or tried to argue that the home belonged to someone else, then his probation status would become relevant.

{¶10} The State presented its case, adhering to the court's ruling on the motion in limine regarding the exclusion of evidence that appellant was on probation. At the close of the State's case, appellant moved for acquittal, arguing that the State failed to prove possession of the cocaine because there was no evidence presented that appellant lived at 670 King Street. The court ruled that if appellant was going to dispute residence, the State would be permitted to reopen its case to present evidence regarding residence, specifically the testimony of appellant's probation officer.

Appellant chose to withdraw that portion of his motion and stipulate to the fact that he lived at the residence.

{¶11} Appellant also argued for acquittal on the trafficking charge on the basis that appellant had not sold or offered to sell drugs, which is the language in the subsection of R.C. 2925.03(A) cited in the indictment. The trial court would not allow the State to amend the indictment to conform to the evidence that appellant prepared the drugs for distribution. Because there was no sale or offer to sell, the court sustained appellant's motion for a judgment of acquittal on the charge of trafficking.

{¶12} The jury found appellant guilty of possession of cocaine in an amount exceeding 27 grams. He was sentenced to nine years incarceration, to be served consecutively with the time he was serving for probation violations from two prior cases. He assigns five errors on appeal:

{¶13} "I.    THE TRIAL COURT ABUSED ITS DISCRETION BY FORCING DEFENDANT/APPELLANT TO STIPULATE TO THE SEARCHED PREMISES BEING THE DEFENDANT/APPELLANT'S RESIDENCE.

{¶14} "II.    THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S RULE 29 MOTION FOR ACQUITTAL BECAUSE THE WEIGHT OF THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR THE OFFENSE OF POSSESSION OF COCAINE.

{¶15} "III.    THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT BY ALLOWING IN EVIDENCE OF PREPARING FOR SHIPMENT OR SALE PURSUANT TO ORC 2925.03(A)(2).

{¶16} "IV.    THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶17} "V.    THE SEARCH OF DEFENDANT/APPELLANT'S RESIDENCE WAS WITHOUT A SEARCH WARRANT WHICH IS CONTRARY TO THE FOURTH [SIC] OF THE UNITED STATES."

I.

{¶18} In his first assignment of error, appellant argues that the court abused its discretion in forcing him to either stipulate that the apartment where the cocaine was found was his residence, or to allow the State to present evidence that he listed the apartment as his residence when he was placed on probation.  Appellant argues that the court's ruling deprived him of the right to have the prosecutor prove its case beyond a reasonable doubt.

{¶19} Appellant's cites this Court's decision in *In the Matter of:  Jennifer Church*, Guernsey App. No. 06-CA-29, 2007LEXIS 2715, in support of his argument.  In that case, the truancy statute in question required the state to prove that the child was absent from school the requisite number of days without a legitimate excuse.  The trial court found that a legitimate excuse for the absence was an affirmative defense which the defendant must prove by a preponderance of the evidence.   This Court found that the trial court improperly shifted the burden of proof to the defendant by taking an element of the offense and requiring the defendant to disprove that element as an affirmative defense.

{¶20}   In the instant case, proof of appellant's residence is not an element of the offense.   Rather, the State intended to present evidence that appellant listed the apartment as his residence with his probation officer to aid in proving possession of the cocaine found in the apartment.   The court did not force appellant to stipulate, nor did the court shift the burden of proof as in *Church*, *supra*.   The court gave appellant a choice as to whether to agree that the apartment was his residence, or allow the State to prove that fact through the testimony of his probation officer.   The trial court did not abuse its discretion.

{¶21}   The first assignment of error is overruled.

II.

{¶22}   In his second assignment of error, appellant argues that the evidence was insufficient to establish that he possessed the cocaine.   He argues that other people were in the apartment, and the fact that the evidence was found in a woman's boot indicates that the apartment was not occupied solely by appellant.

{¶23}   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶24}   Appellant was convicted of violating R.C. 2925.11(A), which provides:

{¶25}   "(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶26}   Ohio Revised Code 2925.01(K) defines "possess" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. *State v. Haynes*, 25 Ohio St.2d 264, 54 O.O.2d 379, 267 N.E.2d 787 (1971); *State v. Hankerson* , 70 Ohio St.2d 87, 24 O.O.3d 155, 434 N.E.2d 1362, syllabus (1982). Constructive possession will be established where the accused was able to exercise dominion or control over the contraband. *State v. Wolery* , 46 Ohio St.2d 316, 329, 75 O.O.2d 366, 373–374, 348 N.E.2d 351, 360–361 (1976).

{¶27}   In considering a claim that the state did not prove that the defendant had possession of the drugs and criminal tools she was charged with possessing, the Court of Appeals for the Eighth District discussed the concept of constructive possession:

{¶28}   "Although the mere presence of a person at the residence in which contraband is discovered is not enough to support the element of possession, if the evidence demonstrates defendant was able to exercise dominion or control over the illegal objects, defendant can be convicted of possession. *State v. Wolery* (1976), 46 Ohio St.2d 316, 348 N.E.2d 351; cf., *State v. Haynes* (1971), 25 Ohio St.2d 264, 267 N.E.2d 787. Moreover, where a sizable amount of readily usable drugs is in close proximity to a defendant, this constitutes circumstantial evidence to support the conclusion that the defendant was in constructive possession of the drugs. *State v. Benson* (Dec. 24, 1992), Cuyahoga App. No. 61545, unreported; *State v. Pruitt* (1984), 18 Ohio App.3d 50, 480 N.E.2d 499. The same reasoning applies to the discovery of other contraband in close proximity to the defendant. *State v. Roundtree* (Dec. 3, 1992),

Cuyahoga App. No. 61131, unreported. Furthermore, circumstantial evidence alone is sufficient to support the element of constructive possession. *State v. Jenks, supra; State v. Lavender* (Mar. 12, 1992), Cuyahoga App. No. 60493, unreported." *State v. Mason,* 8th Dist. Cuyahoga No. 78606, 2001 WL 755831 (July 5, 2001).

{¶29} In the instant case, appellant stipulated that the apartment was his residence. The apartment had a single bedroom, and when police arrived appellant was removed from that bedroom. Police found three baggies containing a large quantity of cocaine in a woman's boot in the closet in the bedroom. The closets in the bedroom contained a mixture of men's and women's clothing. In the same bedroom, in a dresser containing men's socks, police found a Mason jar with crack cocaine inside, a prescription bottle with cocaine inside, and a set of scales with cocaine residue. Police found crack pipes scattered throughout the apartment. Pots on the stove in the kitchen and other utensils in the kitchen appeared to have been used to cook crack cocaine. From the evidence presented of the crack "cook" going on in appellant's kitchen, the drug paraphernalia found scattered throughout his apartment and specifically in the apartment's sole bedroom, and appellant's presence in the bedroom when police arrived, there was sufficient evidence from which the jury could conclude that appellant constructively possessed the cocaine found in the boot in the closet.

{¶30} The second assignment of error is overruled.

III.

{¶31} Appellant argues that the court erred in admitting evidence that he was preparing crack cocaine for distribution, as such evidence was unfairly prejudicial.

{¶32} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph 2 of the syllabus (1987). Even if relevant, evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid. R. 403(A).

{¶33} In the instant case, appellant was charged with trafficking in drugs in violation of R.C. 2925.03(A), which provides:

{¶34} "(A) No person shall knowingly do any of the following:

{¶35} "(1) Sell or offer to sell a controlled substance or a controlled substance analog;

{¶36} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."

{¶37} Although the indictment did not specify which subsection of the statute appellant was charged with violating, the language of the indictment specifically stated that appellant sold or offered to sell a controlled substance. Appellant did not object to the admission of evidence of preparation for distribution or shipment, and appellant has therefore waived all but plain error. Evid. R. 103. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under

exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶38}   Evidence of drug paraphernalia scattered throughout the house, a large amount of cash and three cell phones found on appellant's person, and a crack "cook" going on in the kitchen was relevant to establish that appellant had constructive possession of the cocaine found in the bedroom closet, as discussed in assignment of error two.   The fact that crack was cooked on the kitchen stove and drug paraphernalia was found throughout appellant's apartment makes it more likely that the cocaine in the bedroom closet was within appellant's constructive possession.   Further, at the time the evidence was presented, a charge of trafficking was pending against appellant.

{¶39}   Appellant has not demonstrated plain error in the admission of this evidence.  The third assignment of error is overruled.

IV.

{¶40}   In his fourth assignment of error, appellant argues that counsel was ineffective for failing to file a motion in limine or move for a mistrial regarding evidence that drugs were being prepared for sale in the apartment, as discussed in assignment of error three.

{¶41}   A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley* , 42 Ohio St.3d 136,

538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶42} As discussed in the third assignment of error above, evidence concerning the preparation of crack cocaine which was apparently occurring in the apartment when police arrived was relevant to demonstrate that appellant constructively possessed the cocaine found in the apartment. Appellant has not demonstrated that had counsel filed a motion in limine or moved for a mistrial, the motion would have been granted. Further, had counsel filed a motion in limine prior to trial regarding this evidence, the court might have granted the State's motion to amend the language of the indictment, thus leaving the trafficking charge viable. Failure to raise this issue until the close of the State's evidence may well have been a strategic move on counsel's part, which did in fact result in the charge being dismissed.

{¶43} The fourth assignment of error is overruled.

V.

{¶44} In his final assignment of error, appellant argues that the court erred in overruling his motion to suppress. Appellant argues that because he was on probation rather than parole, R.C. 2967.131, which was cited in his consent form, does not apply and the search was invalid, and he also argues that he had no choice but to sign the consent to search form as a condition of his probation.

{¶45} Appellant did not raise this argument in the trial court. Rather, appellant's motion to suppress argued only that the officer lacked probable cause to remove the package of cocaine from the boot in the closet. Where a defendant fails to raise the

basis of his suppression challenge in the trial court, he waives the issue on appeal. *City of Xenia v. Wallace*, 37 Ohio St. 3d 216, 218, 524 N.E.2d 889 (1988).

{¶46} Regardless of whether the consent form cited the correct statute, appellant signed a consent to search form as a condition of his probation. While he argues he had no real choice but to sign the consent form, he could have chosen to not sign the form and face community control revocation for his refusal to sign. The record of the suppression hearing reflects that he asked his probation officer no questions about the form, and said that he understood the terms very well because he'd been on supervision in the past. Supp. Tr. 9. The trial court did not err in finding that the officer did not need probable cause to search the apartment because appellant had signed a consent form, listing the apartment as his residence, as a condition of his probation.

{¶47} The fifth assignment of error is overruled.  The judgment of the Richland County Common Pleas Court is affirmed.    Costs are assessed to appellant.


By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.


HON. CRAIG R. BALDWIN


HON. WILLIAM B. HOFFMAN


HON. PATRICIA A. DELANEY


CRB/rad

[Cite as *State v. Howard*, 2013-Ohio-5691.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RONALD B. HOWARD | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13CA24 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY